IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SAFARI CLAYBORNE                                                          PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 2:06cv250-KS-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
SUNDIE LOPER,
DEBORAH GRAY
COMMISSIONER CHRISTOPHER EPPS,
SUPERINTENDENT RONALD KING,
TRACEY L. SANDERS and
JOHN/JANE DOES                                                          DEFENDANTS

<u>ORDER</u>

This cause comes before this court on review of the plaintiff's complaint submitted

according to 42 U.S.C. § 1983 as well as his amended complaint  [11] and response [15]  in the

above entitled action.  The plaintiff names as the defendants the Mississippi Department of

Corrections, Sundie Loper, Deborah Gray, Commissioner Christopher Epps, Superintendent

Ronald King, Tracey L. Sanders and John/Jane Does.  Having reviewed and considered the

plaintiff's complaint, amended complaint and response, this court comes to the following

conclusions.

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person

acting under color of state law deprived him of a right secured by the Constitution or other law of

the United States.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Daniel v. Ferguson</u>, 839 F.2d 1124

(5th Cir. 1988).  The plaintiff has stated at least on the face of the complaint [1], amended

complaint  [5] and response/motion [19] an arguable claim against Defendants Sundie Loper,

Deborah Gray, Commissioner Christopher Epps, and Superintendent Ronald King.

Therefore, the plaintiff can maintain at this time his complaint against these defendants.

However, the plaintiff cannot maintain this civil action against the Mississippi Department of Corrections.  The Mississippi Department of Corrections is responsible for managing and operating the correctional system for the State of Mississippi, MISSISSIPPI CODE ANNOTATED § 47-5-1 (1972).  As such, naming as a defendant the Mississippi Department of Corrections  is like naming the State of Mississippi as a defendant.  The United States Supreme Court has held that a State is not a "person" within the meaning of § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

Additionally, this court finds that the plaintiff failed to assert any claims against defendant Tracey L. Sanders.  Therefore, this civil action cannot be maintained against this defendant.   Accordingly, it is

**ORDERED**

1. That the Mississippi Department of Corrections and Tracey L. Sanders are dismissed as defendants in this action.

2. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3. That the United States District Clerk is hereby directed to issue summons to the defendants,

    Lieutenant Deborah Gray
    South Mississippi Correctional Facility
    22689 Highway 63 N
    Leakesville, MS 39451

Officer Sundie Loper
South Mississippi Correctional Facility
22689 Highway 63 N
Leakesville, MS 39451

Superintendent Ronald King
South Mississippi Correctional Facility
22689 Highway 63 N
Leakesville, MS 39451

Commissioner Christopher Epps
723 N. President Street
Jackson, MS 39202

requiring a response to the complaints. The Clerk is directed to attach a copy of this order a copy of the response [15], a copy of the order [12], a copy of the amended complaint [11], a copy of the order [7] as well as a copy of the complaint [1] that will be served on the named defendants. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).[1]

The plaintiff is advised that a summons will not be ordered to be issued for a "Jane/John Doe" defendant at this time. Once the plaintiff has determined the proper name and address of the Jane or John Doe defendants, he must file a motion with this court requesting that process be ordered to issue for these defendants. This motion must contain the proper name of the Jane or John Doe defendants and well as their address.

4. That the defendants each file his or her answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

**However, motions addressing the exhaustion of the plaintiff's administrative remedies shall be filed within 15 days from the date of the Answer.**

_____

[1]The plaintiff has been granted in forma pauperis status by a previous order of this court.

5.  That subpoenas shall not be issued except by order of the Court.  The United States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office  for review.

6.  That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement.  This Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

7.  **The plaintiff should understand that this order allowing process to issue against the above named defendant does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case.  Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the 28th  day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE